IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


MARCUS ANTHONY MURRAY,

       Petitioner,

vs.                                   Case No. 4:11cv384-RH/CAS

MICHAEL D. CREWS, Secretary,
Florida Department of Corrections,[1]

       Respondent.

_____/

### REPORT AND RECOMMENDATION TO DENY § 2254 PETITION

On August 2, 2011, Petitioner Marcus Anthony Murray, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. After direction by this Court, Petitioner filed an amended § 2254 petition on November 22, 2011. Doc. 9. Petitioner challenges his conviction and sentence imposed by the Second Judicial Circuit, Leon County, on November 3, 2005, following a jury trial. *Id*. Respondent filed an answer to the petition on June 11, 2012, with exhibits. Doc. 21. Petitioner filed a reply on July 5, 2012. Doc. 23.

---

[1]The Clerk of Court shall substitute Michael D. Crews as Secretary of the Florida Department of Corrections in place of Kenneth S. Tucker. Michael D. Crews became Secretary on December 17, 2012, and shall be automatically substituted pursuant to Federal Rule of Civil Procedure 25(d).

The matter was referred to the undersigned United States Magistrate Judge for issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters, pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).  After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter.  *See* Rule 8(a), R. Gov. § 2254 Cases.  The pleadings and attachments before the Court show that the petition should be denied.

## Background and Procedural History

By information filed April 16, 2004, in the Second Judicial Circuit, Leon County, in case number 02-04291AF, the State of Florida charged Petitioner Marcus Anthony Murray with three counts in connection with events that took place on March 1, 2002, involving the Lord and Barons Jewelers store at the Tallahassee Mall:  (1) grand theft of $100,000 or more, a first degree felony, in violation of section 812.014(2)(a)1., Florida Statutes; (2) burglary of a structure (Lord and Barons), a third degree felony, in violation of section 810.02(4), Florida Statutes; and (3) burglary of a structure (Tallahassee Mall), a third degree felony, in violation of section 810.02(4), Florida Statutes.  Doc. 21 Ex. G at 1-2.  Petitioner proceeded to a jury trial on October 28, 2005, during which the State presented several witnesses.  *See id.* Exs. G, H (trial transcript).  The defense did not present any evidence or testimony, and Petitioner did not testify.  *See id.* Ex. H at 229-31.  The jury found Petitioner guilty as charged on all three counts.  *Id.* Ex. G at 94-96, Ex. H at 286-87.  The state trial court adjudicated him guilty and, on November 3, 2005, sentenced him to fifteen (15) years in prison, followed by five (5) years' probation on

Count 1, and 1,006 days in prison on Counts 2 and 3, with all sentences concurrent.  *Id.* Ex. G at 97-106.

Petitioner timely appealed his judgment and sentence to the First District Court of Appeal (DCA), assigned case number 1D05-5761.  *See* Doc. 21 Ex. J.  The Initial Brief raised three points: (1) the trial court abused its discretion by allowing the State to introduce evidence of a subsequent collateral crime committed by Murray thereby depriving him of the right to a trial by a fair and impartial jury; (2) the trial court committed reversible error in denying Murray's motion for judgment of acquittal; and (3) the trial court abused its discretion in giving the principal instruction to the jury.  *Id.* at i. The State filed an Answer Brief.  *See id.* Ex. K.  The First DCA affirmed the case without an opinion on October 4, 2007.  *Id.* Ex. L; *see* Murray v. State, 965 So. 2d 1145 (Fla. 1st DCA 2007) (table).  The mandate issued October 22, 2007.  Doc. 21 Ex. F.

On July 2, 2008, Petitioner filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 in the state trial court.  *See* Doc. 21 Ex. N at 169-204.  The court appointed counsel for Petitioner.  *Id.* at 305-07.  On July 13, 2009, the state post-conviction trial court denied the Rule 3.850 motion after an evidentiary hearing.  *Id.* at 326-31.  Petitioner appealed to the First DCA and filed an Initial Brief, in case number 1D09-3734 raising four points involving the ineffectiveness of trial counsel. *Id.* Ex. P at 3.  The State did not file an Answer Brief.  *Id.* Ex. Q.  The First DCA affirmed the case without an opinion on January 27, 2011.  *Id.* Ex. R; *see* Murray v. State, 57 So. 3d 852 (Fla. 1st DCA 2011) (table).  Petitioner filed a motion for rehearing, which the First DCA denied.  Doc. 21 Exs. S (motion), T (order).  Petitioner sought review in the

Florida Supreme Court; however, that court determined it lacked jurisdiction on April 8,

2011, and dismissed the case.  Doc. 21 Ex. W; Murray v. State, 60 So. 3d 387 (Fla.

2011) (table).  The First DCA issued the mandate on April 12, 2011.  Doc. 21 Ex. U.

As indicated above, Petitioner Murray filed his pro se § 2254 petition in this Court

on August 2, 2011.  Doc. 1.  In his petition, as amended, Murray raises four grounds:

> (1) Petitioner "is held in custody for grand theft, enforced administratively
> by misapplication of state law, that substantiates a voided judgment for
> relief pursuant to U.S.C.A. 4th, 14th; and there exist unavailability of an
> adequate state corrective process, with circumstances of a documented
> historical state procedural law principle, that renders Florida state
> corrective process defective to protect his fundamental rights, or
> determine if trial court lacked personam jurisdiction to enforce conviction,
> sentence," where "no predicate was establish[ed] to process case before a
> felony jury panel for grand theft in said amount."  Doc. 9 at 4A.
>
> (2) Petitioner "is held in custody on a voided judgment in violation of his
> Sixth Amendment speedy trial right due to state officials administrative
> enforcement of felony prosecution in contrast with its quasi-judicial
> function" and, therefore, state trial court "lacked personam jurisdiction." *Id.*
> at 4F.
>
> (3) Petitioner "is held in custody on a voided judgment in violation of his
> Fifth Amendment right to double jeopardy due to state officials
> administrative enforcement of felony prosecution in contrast with its quasi-
> judicial function," where "trial court on October 27, 2005, adjudicated,
> State Exhibit 21 substantiate no crime of grand theft exist for felony
> conviction, sentence."  *Id.* at 5A.
>
> (4) Petitioner "was constructively denied effective counsel in violation of
> U.S.C.A. 6th, 14th," where "counsel never challenged the value of the
> property to substantiate grand theft over one hundred thousand dollars
> ($100,000) prior to trial or at trial."  *Id.* at 5B.

Each ground is analyzed below.

## Analysis

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), federal courts may grant habeas corpus relief for persons in state custody.  Section 2254(d) provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  *See* Williams v. Taylor, 529 U.S. 362 (2000); Gill v. Mecusker, 633 F.3d 1272 (11th Cir. 2011).

If a state prisoner's habeas petition "includes a claim that has been 'adjudicated on the merits in State court proceedings,' § 2254(d), an additional restriction applies." Cullen v. Pinholster, 131 S.Ct. 1388, 1398 (2011).  The federal court may not grant relief unless the state court's adjudication of the claim:  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  28 U.S.C. § 2254(d).   "This is a 'difficult to meet' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'"  Cullen, 131

S.Ct. at 1398 (quoting Harrington v. Richter, 131 S.Ct. 770, 786 (2011), and Woodford

v. Visciotti, 537 U.S. 19, 24 (2002)).  This Court's review "is limited to the record that

was before the state court that adjudicated the claim on the merits."  Cullen, 131 S.Ct.

at 1388.

### Ground 1: State Trial Court Lacked Jurisdiction – Grand Theft

As referenced above, in his first ground, Petitioner Murray asserts the state trial

court did not have jurisdiction to try and adjudicate him for the grand theft charge

because the State did not establish the value of the items exceeded $100,000.  *See*

Doc. 9 at 4-4B.  Murray alleges the inventory list in State Exhibit 21 does not confirm a

property value of $100,000.  *Id.* at 4B.  Murray further alleges the owner of Lord and

Barrons Jewelers, Usman Ali, testified in his deposition that "none of the jewelry alleged

to be a material element of theft was itemize[d] by insurance adjustors to substantiate

monetary value of a grand theft" and the owner testified "he settled out of court with

insurer for a total amount of seventy five thousand dollars ($75,000) in relation to

property damage."  *Id.* at 4B-4C.  Murray alleges the owner testified that "he submitted a

claim with insurers for an amount of two hundred thousand dollars ($200,000) in

merchandise lost."  *Id.* at 4C.  Murray alleges the owner was convicted for a felony and

deported, "which made him unavailable as custodian of business records for testimony

at pretrial or trial."  *Id.*  Murray alleges the "trial court lacked subject matter jurisdiction to

proceed with a felony trial, based upon testimony evidence of Vanessa Ali, whom

testified she was not custodian of records, and verified same through response she was

not sure as to quantity of items missing."  *Id.* at 4D.  Ali testified "she was able to access

computerized inventory list, but gives an estimate of four hundred thousand dollars ($400,000), in contrast to custodian record evidence of owner Usman Ali, and insurance settlement." *Id.*

In the answer, Respondent asserts this is not a federal claim and, therefore, this Court does not have jurisdiction to address it.  Doc. 21 at 5.  Respondent explains that federal habeas relief is not available to retry state issues, and a state court's jurisdiction is a question of state law that is not properly considered in a federal habeas proceeding. *Id.*  Respondent further asserts that, even if this is a federal claim, it is unexhausted and, now, procedurally defaulted, as Petitioner never raised this claim on direct appeal or in the state post-conviction proceedings, and has not shown cause and prejudice for the default.  *Id.* at 6-8.

In his reply, Murray asserts this ground may be considered in a federal habeas proceeding.  Doc. 23 at 2-3.  He asserts "there was a complete breakdown in the adversarial process allowing the state to obtain a conviction through a procedure that fails to meet the standards of due process of law."  *Id.* at 4.  He explains the state post-conviction trial court "conceded there was error" but "deemed it harmless because there is no reasonable probability the verdict would have been different because two witnesses testified the value of the merchandise stolen was $400,000."  *Id.* at 5.  Murray maintains "the error (exhibit 21) was prejudicial against Petitioner because the jury asked for a calculator during deliberations . . . to add up the totality of its contents."  *Id.* Murray asserts "the error (exhibit 21) affected the substantial rights of Petitioner."  *Id.* at 6.

As Respondent points out, to the extent Murray's claim here rests on state law grounds, it is not sufficient to warrant review or relief by a federal court.  *See, e.g.*, Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).   "[F]ederal habeas corpus relief does not lie for errors of state law."  Lewis v. Jeffers, 497 U.S. 764, 780 (1990).  Further, even if this ground contains a federal claim, as Respondent points out, Murray never raised it in state court, and thus it is unexhausted and procedurally defaulted, and Murray has not shown cause and prejudice for the default.  *See* O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court.");  *see also, e.g.*, McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005) (explaining exhaustion requirement: "[T]o ensure that state courts have the first opportunity to hear all claims, federal courts have required a state prisoner to present the state courts with the same claim he urges upon the federal courts.");  Smith v. Jones, 256 F.3d 1135, 1138 (11th Cir. 2001) ("[I]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is applicable.").  Moreover, contrary to Murray's claim, the State presented witnesses at trial who testified that the value of the stolen property exceeded $100,000.  *See* Doc. 21 Ex. H at 207, 210 (store owner's trial testimony that property stolen was valued at "close to $400,000"); 215, 223 (store bookkeeper's trial testimony that total cost of items stolen was $400,000 and over $100,000);  *see also id.* Ex. N at 213-42 (copy of State's Ex. 21 attached to Petitioner's Rule 3.850 motion).  This ground should be denied.

**Ground 2: State Court Lacked Personal Jurisdiction – Violation of Speedy Trial**

In his second ground, Murray asserts the state trial court did not have personal jurisdiction over him because his prosecution violated his Sixth Amendment right to a speedy trial.  Doc. 9 at 4F.  Respondent asserts that, in state court, Murray raised a speedy trial claim based only on Florida Rule of Criminal Procedure 3.191 and, to the extent this ground is also based on Rule 3.191, it does not state a federal claim and this Court does not have jurisdiction to address a state law claim.  Doc. 21 at 8-9. Respondent further asserts that, to the extent Murray alleges a claim based on the speedy trial clause of the Sixth Amendment, such a claim is unexhausted and, now, procedurally defaulted, as Murray did not raise it in the state court proceedings and has failed to demonstrate cause and prejudice for the default.  *Id.* at 9.  In reply, Murray asserts his argument concerning Rule 3.191 "operate[s] only to safeguard [his] constitutional speedy trial right (Sixth Amendment)," the record supports his argument "with Federal case law," and "plain error" occurred.  Doc. 23 at 7.

As the Eleventh Circuit has explained, "[t]here are three sources of speedy trial rights for criminal defendants: (1) the Sixth Amendment to the U.S. Constitution; (2) the federal Speedy Trial Act[, 18 U.S.C. §§ 3161-3174]; and (3) state speedy trial rules." Sneed v. Fla. Dep't of Corr., 496 F. App'x 20, 24 (11th Cir. 2012).  The federal Speedy Trial Act does not apply to state court proceedings.  *Id.*; *see* United States v. Bell, 833 F.2d 272, 277 (11th Cir. 1987).  As a Florida prisoner, Murray's rights were governed by Florida's speedy trial rules.  *See* Fla. R. Crim. P. 3.191; Sneed, 496 F. App'x at 24. "These rules are not controlling, however, because they are not based on clearly

established federal law, having been promulgated by Florida and not the U.S. Supreme

Court."  Sneed, 496 F. App'x at 24; *see* 28 U.S.C. § 2254(d).  "Indeed, questions of

state law rarely raise issues of federal constitutional significance and, therefore, '[a]

state's interpretation of its own laws or rules provides no basis for federal habeas

corpus relief, since no question of a constitutional nature is involved." *Id.* (quoting

Carrizales v. Wainwright, 699 F.2d 1053, 1055 (11th Cir. 1983)).  "A violation of

Florida's speedy trial rules does not 'go to the fundamental fairness of the trial' so that it

is cognizable in a § 2254 petition."  *Id.* (quoting Davis v. Wainwright, 547 F.2d 261, 264

(5th Cir. 1977)).

As Respondent asserts, Murray raised in the state court a speedy trial claim

based only on Florida Rule of Criminal Procedure 3.191.  *See* Doc. 21 Ex. N at 11-13

(pro se notice of expiration of time for speedy trial), 14 (pro se motion for discharge), 33-

41 (second motion for discharge), 55-56 (order); Ex. G at 88 (second pro se notice of

expiration of speedy trial); Ex. C (Petition for Writ of Prohibition filed in First DCA).  His

claim here, to the extent it is based on a violation of the Florida rules, is not cognizable

in federal habeas review because it involves only state procedural rules, not errors of

federal constitutional dimension.  *See id.*  "[F]ederal habeas corpus relief does not lie for

errors of state law."  Lewis, 497 U.S. at 780. Further, Murray did not raise a speedy trial

error in his direct appeal and, therefore, even if his ground here includes more than the

Florida rule, he has not exhausted this ground.  *See* Doc. 21 Ex. J.

Moreover, even assuming Murray fairly presented and exhausted a claim

alleging a violation of his Sixth Amendment right to a speedy trial, that claim also fails.

Murray does not allege any facts to support a showing of prejudice, "which is a 'necessary ingredient' to a constitutional speedy trial claim." Moore v. McNeil, No. 4:09cv381-SPM/WCS, 2010 WL 4025867, at *4 (N.D. Fla. June 25, 2010); see Barker v. Wingo, 407 U.S. 514, 530 (1972) (holding that balancing test applies when determining whether defendant has been deprived of right to speedy trial, including four relevant factors: "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant"); Reed v. Farley, 512 U.S. 339, 353 (1994) (citing Barker and explaining that "[a] showing of prejudice is required to establish a violation of the Sixth Amendment Speedy Trial Clause").

In January 2004, Murray filed a pro se notice of expiration of speedy trial and motion for discharge; at this point, Murray was in the Hillsborough County Jail. Doc. 21 Ex. N at 11. On April 7, 2004, the Hillsborough County Sheriff's Department delivered Murray to the Leon County Detention Facility. See id. at 35, 55. By information filed April 16, 2004, the State of Florida charged Murray with the three counts involved in this case. Doc. 21 Ex. G at 1-2. On September 14, 2005, Murray filed another pro se notice of expiration of speedy trial. Id. at 88. The next day, September 15, 2005, the state trial court entered an order striking the pro se notice as unauthorized because the defendant is represented by counsel. Id. at 89. On September 29, 2004, defense counsel filed a second motion for discharge. Id. Ex. N at 33-41. The state trial court held a hearing and then denied the second motion for discharge in an order on October 1, 2004, noting that the defendant had filed the first motion for discharge pro se and no action was taken because the defendant was in the Hillsborough County Jail awaiting trial in

Hillsborough County cases.  *Id.* at 55-56.  Murray, through counsel, filed a petition for writ of prohibition in the First DCA challenging this order.  Doc. 21 Ex. C.  The State filed a response on April 21, 2005.  *Id.* Ex. D.  The First DCA denied the petition on the merits on July 27, 2005.  *Id.* Ex. E.

Subsequently, however, as defense counsel testified during the evidentiary hearing on the Rule 3.850 motion, the defense filed a motion to continue the trial in this case, which the state trial court granted on August 26, 2005.  See Doc. 21 Ex. G (docket report, p. 5); Ex. O at 77-80 (defense counsel's testimony concerning continuance).  Thus, the defense was not prepared for trial within five (5) days of filing the demand for speedy trial, as required by the Florida rules, and waived the right to a speedy trial.  *See* Fla. R. Crim. P. 3.191(g) (providing: "A demand for speedy trial shall be considered a pleading that the accused is available for trial, has diligently investigated the case, and is prepared or will be prepared for trial within 5 days."); *see, e.g.*, Randall v. State, 938 So. 2d 542, 544 (Fla. 1st DCA 2006) (explaining that defendant's right to speedy trial was waived when defense counsel, despite defendant's expressions to contrary, requested and received continuance during pre-trial conference).  Therefore, to the extent Murray claims a violation of his Sixth Amendment right to a speedy trial, his claim lacks merit as he has not shown any prejudice.

Based on the foregoing, Murray is not entitled to federal habeas relief.  This ground should be denied.

## Ground 3: Double Jeopardy Violation

In his third ground, Murray asserts he "is held in custody on a voided judgment in violation of his Fifth Amendment right to double jeopardy."  Doc. 9 at 5A.  Respondent asserts that this third claim is incomprehensible and, to the extent Murray again presents a jurisdictional claim, such is procedurally barred.  Doc. 21 at 9.  In reply, Murray states the claim as again asserting the State of Florida "divested itself of subject matter jurisdiction" as "record facts substantiate that the money value in this case is insufficient and does not amount to assessment urged in felony information to constitute theft over $100,000" and "[f]urther the insufficient evidence triggers a Fifth Amendment Double Jeopardy violation by statutory provisions."  Doc. 23 at 9.  In reply, Murray attempts to explain this ground and asserts the State of Florida shall commence and finalize first degree felonies within four years, citing section 775.15(2)(a), Florida Statutes, and "the State of Florida divested itself of subject matter jurisdiction pursuant to 28 U.S.C. 2263(2); for relief within this Court by waiver through per curiam disposition."  Doc. 23 at 9.  Murray further asserts that "record facts substantiate that the money value in this case is insufficient and does not amount to assessment urged in felony information to constitute theft over $100,000" and "the insufficient evidence triggers a Fifth Amendment Double Jeopardy violation by statutory provisions."  *Id.*

To the extent Petitioner again claims the evidence at trial did not support the charge that the value of the stolen property exceeded $100,000, this argument does not warrant federal habeas relief, as explained in the analysis of Ground 1, *supra*.  Although Petitioner alleges this ground in terms of a Double Jeopardy violation, he does not explain his argument, and no violation is apparent.  *See* <u>North Carolina v. Pearce</u>, 395

U.S. 711, 717 (1969) (explaining Double Jeopardy Clause provides three separate

constitutional protections: "It protects against a second prosecution for the same offense

after acquittal.  It protects against a second prosecution for the same offense after

conviction.  And it protects against multiple punishments for the same offense."),

*overruled on other grounds*, <u>Alabama v. Smith</u>, 490 U.S. 794 (1989) (concerning

presumption of vindictiveness in sentencing)).  This ground should be denied.

### <u>Ground 4</u>: Ineffective Assistance of Counsel – No Challenge to Property Value

In his fourth and final ground, Petitioner Murray asserts that defense counsel

rendered ineffective assistance because counsel failed to challenge the value of the

property to support the charge of grand theft of over $100,000.  Doc. 9 at 5-B.

Respondent answers that this ground appears to be an attempt to raise the third claim

of Murray's Rule 3.850 motion.  Doc. 21 at 10.  Respondent asserts this claim lacks

merit because the State presented witnesses that Petitioner stole in excess of

$400,000.  Doc. 21 at 14-15.  Respondent asserts that Murray cannot demonstrate any

prejudice resulting from any failure of his attorney to make a challenge to the amount

and counsel cannot be deficient for failing to raise a meritless claim.  *Id.* at 15.  In reply,

Murray argues Exhibit 21 was entered into evidence in violation of the Fifth and

Fourteenth Amendments, as well as the Sixth Amendment.  Doc. 23 at 10.

In <u>Strickland</u>, the U.S. Supreme Court adopted a two-part test for ineffective

assistance of counsel (IAC) claims:

> First, the defendant must show that counsel's performance was deficient.
> This requires showing that counsel made errors so serious that counsel
> was not functioning as the "counsel" guaranteed the defendant by the

Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. at 687.  To demonstrate ineffectiveness, a "defendant must show that counsel's performance fell below an objective standard of reasonableness."  *Id.* at 688. To demonstrate prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.*

If a state prisoner's habeas petition "includes a claim that has been 'adjudicated on the merits in State court proceedings,' § 2254(d), an additional restriction applies." Cullen v. Pinholster, 131 S.Ct. 1388, 1398 (2011).  The federal court may not grant relief unless the state court's adjudication of the claim:  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  28 U.S.C. § 2254(d).  "This is a 'difficult to meet' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'"  Cullen, 131 S.Ct. at 1398 (quoting Harrington v. Richter, 131 S.Ct. 770, 786 (2011), and Woodford v. Visciotti, 537 U.S. 19, 24 (2002)).  This Court's review "is limited to the record that

was before the state court that adjudicated the claim on the merits." <u>Cullen</u>, 131 S.Ct. at 1388.

For this Court's purposes, importantly, "[t]he question 'is not whether a federal court believes the state court's determination' under the <u>Strickland</u> standard 'was incorrect but whether that determination was unreasonable – a substantially higher threshold.'" <u>Knowles v. Mirzayance</u>, 556 U.S. 111, 123 (2009) (quoting <u>Schiro v. Landrigan</u>, 550 U.S. 465, 473 (2007)). "And, because the <u>Strickland</u> standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Id.* It is a "doubly deferential judicial review that applies to a <u>Strickland</u> claim evaluated under the § 2254(d)(1) standard." *Id.*

As Respondent indicates, the state post-conviction trial court's order denying the Rule 3.850 motion makes findings regarding this ground. *See* Doc. 21 at 14-15. In particular, that court found, in rejecting Murray's claim of IAC for failure to investigate witnesses:

> Mr. Morris [defense trial counsel] testified the defense in the case was the defendant did not commit the burglary or the theft, not that the value of the theft could not be proven. Mr. Morris challenged the validity of the DNA evidence and other alleged weaknesses and assumptions in the state case. Mr. Morris testified the defendant never raised the issue of value with Mr. Morris. Mr. Morris testified he made a strategic decision not to depose Moshin Ali. He had already deposed Usman Ali and Moshin Ali's testimony did not vary significantly from Ushman Ali's testimony. Although Moshin Ali and Vanessa Ali's testimony was contradictory regarding the amount of value, the both testified the value far exceeded $100,000. Mr. Morris testified he tried to take advantage of these inconsistencies. However, there never was any admissible evidence that the value was less than $100,000.

The Court finds Mr. Morris' testimony more credible related to the issue of what the defense in the case was and what evidence and witnesses were important to that defense. Additionally defense counsel's strategic choices do not constitute deficient conduct if alternative courses of action have been considered and rejected. <u>Henry v. State</u>, 948 So. 2d 609 (Fla. 2006). Therefore, the Court finds that counsel's representation did not fall below an objective standard of reasonableness. Additionally, the Court finds defendant has failed to show there is a reasonable probability that if these witnesses had been deposed, the result of the proceeding would have been different.

Doc. 21 Ex. N at 329. Murray appealed this order and the First DCA affirmed the case without an opinion. *See id.* Ex. R; <u>Murray v. State</u>, 57 So. 3d 852 (Fla. 1st DCA 2011) (table). This constitutes a ruling on the merits and is entitled to AEDPA deference. *See* 28 U.S.C. § 2254(d); <u>Harrington v. Richter</u>, 131 S.Ct. 770, 784-85 (2011).

The record supports the state post-conviction trial court's determination of the facts, as set forth in the rulings quoted above. *See* Doc. 21 Exs. N at 329 (order), O (transcript of Rule 3.850 evidentiary hearing) at 53-54 (Murray testifies on cross at Rule 3.850 evidentiary hearing that he "never admitted to doing this crime" and his defense at trial did not concern value of stolen property), 61-62 (Murray's trial counsel, Alexander Morris, testifies at Rule 3.850 evidentiary hearing that "[d]ollar amounts really weren't an integral issue of this case from a defense perspective . . . [t]here was never a debate over that, given the items that were stolen . . . . [a]ll of the items were very high dollar items," his investigation concluded that value of property well exceeded $100,000, and thus he had no reason to contest amount), 68 and 82 (testimony of Morris confirming that investigation indicated value was over $100,000, and that he "never went so far as to start really arguing the value issue because I did not want our credibility to be eroded

on the I-didn't-do-it defense" although he did argue to jury that there was a conflict in the evidence).  *See also* Doc. 21 Ex. H at 207, 210 (store owner's trial testimony that property stolen was valued at "close to $400,000"); 215, 223 (store bookkeeper's trial testimony that total cost of items stolen was $400,000 and over $100,000); 208-09 (prosecutor offers State's Ex. 21, list of inventory items with highlighted items missing, into evidence with only defense objection "with respect to the price that is noted, which I'll be able to call in cross.  But the admissibility of the actual items that are missing and still there, no objection with respect to that."; court defers ruling until after cross); 227-28 (defense counsel states objection to admission of Ex. 21 "as being demonstrative of value" but counsel does not "have a problem with it going back to the jury to provide the itemization of the items that were missing"; prosecutor agrees to move version of list into evidence with "redacted values"; court admits it, noting that "you've got two witnesses who testified to a total amount of property that was stolen, . . . [s]o I don't know that it is that crucial to you or not"); 243-44 (defense counsel again objects and states, "I don't have an objection to the admissibility of the document, with the exception of the dollar value"; court denies objection and admits Ex. 21); 265-66 (defense attorney's closing argument questioning whether State had proven value was in excess of $100,000); Ex. N at 213-42 (copy of State's Ex. 21 attached to Petitioner's Rule 3.850 motion).

Murray has not shown the state courts' rulings rejecting this IAC claim resulted in a decision that was either (1) contrary to, or involved an unreasonable application of, clearly established U.S. Supreme Court precedent, or (2) based on an unreasonable

determination of the facts in light of the evidence presented in the state court proceeding.  *See* 28 U.S.C. § 2254(d)(1)-(2).  Murray is not entitled to federal habeas relief, and this ground should be denied.

## Conclusion

For the reasons stated above, Murray has not shown entitlement to habeas corpus relief.  Accordingly, the amended § 2254 petition (Doc. 9) should be denied.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner cannot make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, the Court should deny a certificate of appealability in its final order.  Leave to appeal in forma pauperis should also be denied, as an appeal would not be taken in good faith.  *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

The second sentence of Rule 11(a) provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate

should issue."  Petitioner shall make any argument as to whether a certificate should

issue by filing objections to this report and recommendation.

### Recommendation

It is therefore respectfully **RECOMMENDED** that the amended § 2254 petition for

writ of habeas corpus (Doc. 9) be **DENIED**, a certificate of appealability be **DENIED**, and

leave to appeal in forma pauperis be **DENIED**.  The Clerk shall substitute Michael D.

Crews for Kenneth S. Tucker as Respondent.

**IN CHAMBERS** at Tallahassee, Florida, on April 24, 2014.

s/  Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**